Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

_____ Division

|  |  |
|---|---|
| Job Gillette # 42591-509 | Case No. 4:26-CV-0933 |
| Plaintiff(s) | (to be filled in by the Clerk's Office) |

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

United States of America

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**FILED**
**SCRANTON**

APR 13 2026

PER_____DJ_____
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _____ Job Gillette

All other names by which

you have been known: _____ Alyssa Gillette

ID Number _____ 42591-509

Current Institution _____ FCI Butner Medium #1

Address _____ PO Box 1000

_____ Butner _____ NC _____ 27509
_____City_____State_____Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name _____ United States of America

Job or Title *(if known)* _____ N/A

Shield Number _____ N/A

Employer _____ N/A

Address _____ USP Lewisburg

_____ Lewisburg _____ PA _____ 17837
_____City_____State_____Zip Code

☐ Individual capacity     ☐ Official capacity     ☑ FTCA Defendant

Defendant No. 2

Name _____ N/A

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

_____City_____State_____Zip Code

☐ Individual capacity     ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name _____ N|A _____

Job or Title *(if known)* _____

Shield Number _____

Employer ` _____

Address _____

_____  _____  _____
    *City*           *State*         *Zip Code*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

Name _____ N|A _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

_____  _____  _____
    *City*           *State*         *Zip Code*

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑ Federal officials (~~a Bivens claim~~) FTCA Claim, 28 U.S.C. 2671-80

☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N|A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N|A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

N|A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Acting under color of 28 U.S.C. 2671-80

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☒    Convicted and sentenced federal prisoner

☐    Other *(explain)*  _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See Page 12

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Page 12

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

See Page 12

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Page 12

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See Page 12

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Damages in the amount of $750,000.00 to be taxed against the United States of America;

2. Costs and Fees to be taxed against the United States of America;

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

SF-95 Claim

2.   What did you claim in your grievance?

See Page 12

3.   What was the result, if any?

Claim Denied

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

None Available

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐  Yes

☑  No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____ N|A _____

Defendant(s)   _____ N|A _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____ N|A _____

3.    Docket or index number

_____ N|A _____

4.    Name of Judge assigned to your case

_____ N|A _____

5.    Approximate date of filing lawsuit

_____ N|A _____

6.    Is the case still pending?

☐  Yes

☐  No    N|A

If no, give the approximate date of disposition.    _____ N|A _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N|A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

N|A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes  *N/A*

☐ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____ *N/A* _____

Defendant(s) _____ *N/A* _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____ *N/A* _____

3.   Docket or index number

_____ *N/A* _____

4.   Name of Judge assigned to your case

_____ *N/A* _____

5.   Approximate date of filing lawsuit  *N/A*

_____

6.   Is the case still pending?

☐ Yes  *N/A*

☐ No

If no, give the approximate date of disposition _____ *N/A* _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____ *N/A* _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    4-4-2026

Signature of Plaintiff    _Job Gillette_

Printed Name of Plaintiff    Job Gillette

Prison Identification #    42591-509

Prison Address    FCI Butner Medium 1

Butner                NC        27509
City                State        Zip Code

### B.    For Attorneys

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

N/A

City                State        Zip Code

Telephone Number
E-mail Address

PLAINTIFFS STATEMENT OF FACTS, CONTINUED:

The Plaintiff, Job Gillette #42591-509, at all times relevant to this complaint was housed as an inmate at the United States Penitentiary in Lewisburg, Pennsylvania. At that time, in January 2025, the plaintiff was being escorted from the Federal Correctional Institution in Fairton, New Jersey to the Federal Correctional Institution #1 in Butner, North Carolina, residing only briefly at USP Lewisburg. Plaintiff rode a bus from the Fairton facility to the Lewisburg facility. Upon arrival the plaintiff expressed concern for her safety, as a transgender inmate who identifies as female, to the Psychologist and Custody staff involved in the screening process required by 28 C.F.R. 115.41 and 115.42 and upon being placed into "Baker block" (a holdover unit in USP Lewisburg) to defendant Officer J. Stover.

Instead of providing the plaintiff a reasonably safe housing assignment, Stover assigned plaintiff to the cell of a sexual offender and predator: Matthew Molnar. Upon entering the cell Molnar made a number or repeated, serious and credible threats of wanting to sexually abuse the plaintiff. Plaintiff verbally reported the threats to Officer Stover who indicated loudly and in full hearing of other inmates that the plaintiff was "a transgender" housed "in a cell with a sex offender" and deserved anything that happened to her due to his own personal animosity towards LGBTQ individuals which he frequently expressed out loud in the plaintiffs presence.

28 C.F.R. 115.62 states, in pertinent part:
"When an agency learns that an inmate is subject to a substantial risk of imminent sexual abuse, it shall take immediate action to protect the inmate."; furthermore 28 C.F.R. 115.64 required the first responder to plaintiff's PREA complaint, Officer Stover, to take immediate action to separate plaintiff and Molnar and to ensure a swift and meaningful investigation of the matter. This policy is set forth in greater detail in BOP Program Statement 5324.12 which indicates the BOP has a "zero tolerance of sexual abuse and sexual harrassment;" (id. at 13). The word "shall means an obligation is imposed." (See: 28 C.F.R. 500.1(e).

Despite the mandatory PREA policies in place, leaving Officer Stover no discretion whether to separate plaintiff and her then-cellmate Molnar, Stover failed to do so and the same day-- within an hour of pleading with Stover to make a sexual harrassment and threat of sexual abuse complaint against Molner--inmate Molnar attacked the plaintiff with closed fists causing lacerations to her face, bruises all over her face and upper torso, a blackened eye, pain and suffering, as well as Post-Traumatic Stress Disorder (PTSD) which continues to distress her to this very day with nightmares, insomnia, anxiety, depression and even suicidal ideation being the long-term emotional and psychological impacts of Molnar's violence toward the plaintiff. Had officer Stover followed BOP policy under PREA plaintiff would never have been injured by Molnar. He stated he was going to sexually abuse her fallen body.

Housing women and vulnerable populations such as transgender inmates with sexual abusers and predators is, unfortunately, a common allegation in recent lawsuits brought against the BOP alleging PREA violations. See, e.g.. Beaubrun et al. v. United States, No. 20-cv-00615-TPB-PRL (M.D.Fla.)(alleging systemic sexual abuse of inmates in BOP custody in violation of PREA); Cal. Coal. of Women Prisoners, et al. v. United States, No. 23-cv-04155-YGR (N.D.Cal. 2025)(same; settled for $116 million dollars and a Consent Decree); Mathews v. United States, No. 22-cv-01090 (N.D.Ala.); Cardenas v. United States, No. 23-cv-00745-P (N.D.Tex.); Pinson v. United States, No. 25-cv-00209-JFS (M.D.Pa.). As a result of the negligence of the BOP, and Officer Stover, the plaintiff was unnecessarily harmed by inmate Molnar and her injuries are the direct and proximate result of Stover's negligence. At all times relevant to this complaint the defendant, J. Stover, was employed by the United States as an employee of the Federal Bureau of Prisons.

Page 12 of 12

Job Gillette  47591-509

Name:                    Number:
Federal Correctional Institution
P.O. Box 1000
Butner, NC 27509

RECEIVED
SCRANTON

APR 3 2026

PER _____ DEPUTY CLERK

Legal Mail

RALEIGH NC 275
Research Triangle Region
8 APR 2026   AM 3  L

USMS X-RAY

USMS X-RAY

Clerk, U.S. District Court
235 North Washington Ave.
PO Box 1148
Scranton  PA  18503

18501-114848